UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALIA OLIVAREZ, and<br>ANDRES OLIVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>GET CARGO, INC., PAVEL M.<br>BOZHINOV, and GENERAL<br>CARGO, INC.,<br><br>Defendants. | § § § § § § § § § § § § § | SA-13-CA-391-OLG (HJB) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants' Hybrid Motion for Partial Summary Judgment (Docket Entry 43) and Plaintiffs' Motion for Time to Conduct Additional Discovery (Docket Entry 46). Dispositive pretrial matters have been referred to the undersigned for recommendation pursuant to Western District of Texas Local Rule CV-72 and Appendix C. (*See* Docket Entry 45.) For the reasons set out below, I recommend that Defendants' Motion be **GRANTED IN PART and DENIED IN PART**, and Plaintiffs' Motion be **DENIED**.

I.  Jurisdiction.

The district court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000. I have jurisdiction to issue this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Background.

On April 13, 2012, Plaintiff Dalia Olivarez was driving a vehicle in which her husband, Plaintiff Andres Olivarez[1] was a passenger. (Docket Entry 31, at 2.) Plaintiffs allege that their vehicle was hit from the side by a tractor-trailer driven by Defendant Pavel Bozhinov, an employee of Defendants General Cargo, Inc. and Get Cargo, Inc. ("Cargo Defendants"). (*Id.*) At the time of the accident, Bozhinov was allegedly on his cellular phone. (Docket Entry 46-2, at 55–59.) Plaintiffs contend that Bozhinov fled the scene of the collision and had to be chased down by them in their damaged vehicle. (Docket Entry 31, at 2.) Plaintiffs allege that they suffered severe personal injuries. (*Id.*)

Plaintiffs brought suit on February 21, 2013, in the 224th Judicial District Court of Bexar County, Texas. (Docket Entry 1-1.) Defendants timely removed the case to this Court on May 8, 2013, after Plaintiffs amended their complaint to allege damages in excess of $75,000. (Docket Entry 1.) Plaintiffs' third amended complaint alleges claims against Bozhinov for negligence, negligence per se, and gross negligence; and against the Cargo Defendants for negligence, respondeat superior, negligent entrustment, negligent hiring, training, and retention, negligent maintenance, and gross negligence. (Docket Entry 31.)

Defendants move for summary judgment on some, but not all, of Plaintiff's claims. (Docket Entry 43.) Plaintiffs oppose this motion, and alternatively request additional time for discovery in response to the motion. (Docket Entry 46.)

---

[1] Since the lawsuit was filed, Plaintiff Andres Olivarez passed away. (Docket Entry 33; Docket Entry 31, at 6.) His death was unrelated to the events in this suit. (Docket Entry 31, at 6.) Plaintiff Dalia Olivarez proceeds with his claims as representative of his estate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West 2011).

2

## III. Defendants' Motion for Partial Summary Judgment.

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 if the record shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A party against whom summary judgment is sought may not rest on the allegations or denials in his pleadings, but must come forward with sufficient evidence to demonstrate a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine," and therefore sufficient to overcome a summary judgment motion, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted).

Defendants contend that there is no evidence to support Plaintiffs' claims for: (1) negligent hiring, training, supervision, retention, and maintenance against the Cargo Defendants; (2) negligent entrustment against the Cargo Defendants; and (3) gross negligence against both the Cargo Defendants and Bozhinov. (Docket Entry 43.) Each of these sets of claims is discussed below.

A.  *Negligent Hiring, Supervision, Retention, Training, and Maintenance.*

Plaintiffs contend that the Cargo Defendants were negligent in hiring, training, supervising, and retaining Bozhinov. (Docket Entry 31, at 3–5.) Plaintiffs also appear to allege a negligent maintenance claim against the Cargo Defendants. (*Id.* at 5.) Defendants respond that Plaintiff has no evidence that the Cargo Defendants failed to use ordinary care in determining whether Bozhinov was competent and qualified prior to hiring him, in adequately training or supervising Bozhinov, or in retaining him. (Docket Entry 43, at 3.) They also oppose the negligent maintenance claim. (*Id.*)

1.  *Negligent Hiring, Supervision, Retention, and Training.*

To pursue a cause of action for negligence in hiring, supervising, retaining, or training an employee, Plaintiffs must demonstrate that (1) Cargo Defendants owed a legal duty to hire, supervise, train, or retain competent employees and (2) they sustained injuries proximately caused by Cargo Defendants' breach of that legal duty. *See Thomas v. CNC Invs., L.L.P.*, 234 S.W.3d 111, 123 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The duty of the employer extends only to prevent the employee or independent contractor from causing physical harm to a third person. *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002, no pet.). The plaintiff must demonstrate that the employer's hiring, training, supervision, or retention of the allegedly incompetent employee or independent contractor proximately caused the plaintiff's injuries. *Morris v. JTM Materials, Inc.*, 78 S.W.3d at 49 (Tex. App.—Fort Worth 2002). The proximate cause element of a negligent hiring, training, supervision, and retention claim consists of cause in fact and foreseeability. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). A plaintiff establishes cause in fact in he or she demonstrates that the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not

have occurred. *Prudential Ins. Co. of America v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995)). Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Doe*, 907 S.W.2d at 477. Proximate cause requires that the act or omission complained of have been foreseeable. *SW. Key Programs, Inc. v. Gil-Perez*, 81 S.W.3d 269, 274 (Tex. 2002). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Doe*, 907 S.W.2d at 478. The particular accident need not be foreseen, but the injury must be of such a general character as might reasonably have been anticipated. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

  a. Hiring, supervising, and retention.

Plaintiffs assert that a factual dispute exists as to whether Cargo Defendants breached a duty owed to Plaintiffs by negligently hiring, supervising, or retaining Bozhinov. "The basis of responsibility for negligent hiring[, supervising, and retention] is the employer's negligence in hiring or retaining an incompetent employee who the employer knew or, in the exercise of ordinary care, should have known was incompetent or unfit, and thereby creating an unreasonable risk of harm to others." *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 420 (Tex. App.—Dallas 2007, pet. denied). Thus, an employer is liable for negligent hiring if it "hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.).

"If the performance of the employment contract requires driving a vehicle, the employer has an affirmative duty to investigate the employee or independent contractor's competency to drive."

*Morris*, 78 S.W.3d at 49. An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire or retain the employee. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.); *Ogg*, 239 S.W.3d at 421.

The evidence indicates that the Cargo Defendants met their affirmative duty to investigate Bozhinov's competency to drive. Defendants have presented evidence that they obtained and reviewed all documentation and information required by the Federal Motor Carrier Regulations, 49 C.F.R. § 391.1 *et seq.*, prior to hiring Bozhinov. (Docket Entry 43-1.) The evidence shows that the Cargo Defendants maintained a "driver qualification packet" which includes: (1) Bozhinov's driver's license; (2) a certificate from a doctor indicating that he was in a qualified medical condition to drive; (3) a report of Bozhinov's driving records for the three years proceeding his work application, indicating that he had two speeding tickets on his record, but no other violations; (4) a driver performance evaluation that was completed through a road test; (5) Bozhinov's driving hours for the seven days preceding his employment start date; (6) a verification of Bozhinov's prior employment history, including his prior history as a commercial truck driver; (7) verification for Bozhinov of any prior alcohol/drug test results; and (8) the results of a pre-employment drug/alcohol test. (*Id.*) These documents show that the Cargo Defendants met their affirmative duty to investigate Bozhinov, and nothing in any of these documents would cause a reasonable employer not to hire him.

Plaintiffs contend that the Cargo Defendants' negligence in hiring Bozhinov is shown by Bozhinov's two speeding tickets in the three years prior to his employment. (Docket Entry 46, at 7.) This contention fails. "A prior traffic accident or violation does not create an inference or conclusion that a driver is incompetent or reckless." *McDorman v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp.2d 796, 807 (N.D. Tex. 2003) (citation omitted); *see also Louis Thames Chevrolet*

*Co. v. Hathaway*, 712 S.W.2d 602, 604 (Tex. App.—Houston [1st Dist.] 1986, no writ) (stating that, when "no evidence exists showing that [a driver's] past driving performance was such that a prudent person, considering the safety of others on the highways, would deny [the driver] access to his automobile," then the evidence is insufficient to establish a claim for negligence).[2] Plaintiffs also assert that Bozhinov was involved in an accident prior to his employment with the Cargo Defendants, but the record does not support this claim either. (*Id.* at 7.)

There is no evidence in the record that Bozhinov was involved in any other accident or traffic or safety violations during his employment with the Cargo Defendants, such that Cargo Defendants' retention of Bozhinov as an employee was negligent. The evidence also indicates that Cargo Defendants took adequate steps to supervise Bozhinov, including: (1) maintaining a GPS tracking-log of speed for Bozhinov's tractor-trailer; and (2) providing Bozhinov with a list of requirements for maintaining a daily driving log. (*See* Docket Entries 43-3, 43-4.)

Plaintiffs also contend that Cargo Defendants were negligent in supervising Bozhinov because they failed to administer a post-accident drug and alcohol test to him, as required by legal precedent and their own internal policies, and also because they violated their own policy in failing to make Bozhinov complete an accident report. (Docket Entry 46, at 8.) However, "a company's internal policies 'alone do not determine the governing standard of care.'" *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 92–93 (Tex. 2004) (quoting *Fence v. Hospice in the Pines*, 4 S.W.3d 476, 481 (Tex. App.—Beaumont 1999, pet. denied)). Because Plaintiffs have not provided other

---

[2] Plaintiffs suggest that Bozhinov lied on his job application when he reported only one prior speeding ticket, but the record does not support this claim. The application asked only for a report of violations within the last twelve months, and Bozhinov responded truthfully that he had one speeding ticket during that period. (*Id.* at 8; Docket Entry 43-1, at 15.)

sufficient evidence of the Cargo Defendants' breach of duty, this post-accident evidence alone is not enough to create a factual issue as to whether they were negligent. Moreover, since these alleged failures occurred after the accident, they cannot be considered a cause of the accident.

For all these reasons, Plaintiffs have not presented sufficient evidence to withstand summary judgment on their claims that the Cargo Defendants were negligent in hiring, supervising, or retaining Bozhinov.

        b.       Training.

"To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." *Dangerfield*, 264 S.W.3d at 912–13. As evidence that they gave adequate training to Bozhinov, the Cargo Defendants have presented evidence that they: (1) provided Bozhinov a copy of their orientation manual, which contains information on driver requirements, accident reporting, performing regular tire checks, vehicle inspections, etc.; (2) provided him with a copy of their drug and alcohol policy, as well as a copy of their drug and alcohol awareness driver handbook; (3) ensured Bozhinov completed a driver safety training course; and (4) provided Bozhinov a copy of the Federal Motor Safety Regulations Handbook. (Docket Entries 43-1, 43-2, 43-3, 43-4.)

Plaintiffs suggest that Bozhinov, a Bulgarian native, had trouble understanding the English language, such that he did not understand the training materials provided to him. (*Id.* at 7.) Plaintiffs contend that the lack of training caused Plaintiffs' injuries because the handbook relating to safety is only in English, and English documents would not apprise Bozhinov of the "changes in the law." (Docket Entry 46, at 7; *see* Docket Entry 43-6, at 2.)

In his deposition, Bozhinov stated that he is "able to speak [English] well but [he] does not understand certain . . . terms, especially those . . . that are legal." (Docket Entry 46-2, at 15.) However, the Court notes that the deposition itself was interpreted to Bozhinov through a Bulgarian translator, thus raising at least some question as to Bozhinov's understanding not only of the questions asked of him in the deposition, but also of the training materials provided to him in English by the Cargo Defendants. (*Id.* at 9, 15.) Moreover, Bozhinov made no statement regarding his ability to comprehend written material, including the Cargo Defendants' training materials. (*See id.*) Considering this evidence, Plaintiffs have presented evidence to raise a factual dispute as to whether Bozhinov received adequate training due to his deficiency in the English language, and whether such inadequate training contributed to Plaintiffs' injuries.

2. *Maintenance.*

Plaintiffs also appear to lodge a negligent maintenance claim against the Cargo Defendants for failing to maintain Bozhinov's tractor-trailer properly. (Docket Entry 31, at 5.) Texas case law does not specifically recognize such a cause of action; however, assuming the classic negligence elements apply, there is no evidence that the Cargo Defendants failed to maintain the truck so as to breach a duty owed to Plaintiffs. In fact, Defendants have produced evidence that its drivers were required to perform daily inspections of and perform routine maintenance on their vehicles, and not to operate vehicles that needed repairs. (Docket Entry 43-2, at 9, 14, 15.) Maintenance records of Bozhinov's truck indicates that repairs unrelated to Plaintiffs' accident were made soon before the accident, demonstrating the Cargo Defendants' maintenance of the truck. (Docket Entry 43-7.) In any event, Plaintiffs point to no evidence showing how any lack of maintenance led to the accident.

On this record, Plaintiffs have provided evidence to overcome summary judgment only as to their claim that the Cargo Defendants failed to adequately train Bozhinov. Plaintiffs have not provided evidence sufficient to withstand summary judgment that the Cargo Defendants' hiring, supervising, or retention of Bozhinov, or their maintenance of Bozhinov's truck, either breached a duty of reasonable care or proximately caused Plaintiffs' injuries. Accordingly, summary judgment should be denied as to Plaintiffs' claim for negligent training, but granted as to Plaintiffs' claims of negligence in hiring, supervising, and retaining Bozhinov, and for negligence in maintaining Bozhinov's truck.

### B. *Negligent Entrustment.*

Plaintiffs also allege that the Cargo Defendants negligently entrusted their tractor-trailer to Bozhinov. (Docket Entry 31, at 4.) The Cargo Defendants respond that there is no evidence that Bozhinov was an unlicensed, incompetent, or reckless driver prior to his employment with them. (Docket Entry 43, at 8.) They further contend that, even if Bozhinov was such a driver, there is no evidence that they would have or should have known of it. (*Id.*)

To prevail on a negligent entrustment theory, a plaintiff must prove that: (1) the owner entrusted the automobile, (2) to an unlicensed, incompetent, or reckless driver, (3) whom the owner knew or should have known was unlicensed, incompetent, or reckless, (4) the driver was negligent, and (5) the driver's negligence proximately caused the accident and the plaintiff's injuries. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

The Cargo Defendants have presented evidence that Bozhinov was a licensed driver. (Docket Entry 43-1, at 3–4.) And, as previously discussed, there is insufficient evidence to raise a genuine dispute whether Bozhinov was an incompetent or a reckless driver prior to his employment with the

Cargo Defendants. Bozhinov's prior speeding tickets are not sufficient to create a factual dispute as to whether he was an incompetent or reckless driver—indeed, even "[i]nvolvement in a previous collision . . . does not create an inference or conclusion that a driver is incompetent or reckless." *Monroe v. Grider*, 884 S.W.2d 811, 815 (Tex. App.—Dallas 1994, writ denied). Furthermore, even if Bozhinov were an incompetent or reckless driver, the Cargo Defendants would not be liable under a negligent entrustment theory because Bozhinov's driving record and the other information they obtained about him did not expose any incompetence or recklessness sufficient to put them on notice. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) ("To sustain [a negligent entrustment claim], a plaintiff must show that anything found in a background check would cause a reasonable employer not to hire the employee, or would be sufficient to put the employer on notice that hiring the employee would create a risk of harm to the public." (quotation omitted)).

Accordingly, Plaintiffs have not presented any evidence that the Cargo Defendants negligently entrusted their tractor-trailer to Bozhinov. Summary judgment should be granted for this claim.

### C. *Gross negligence.*

Plaintiffs ask for exemplary damages, alleging that Cargo Defendants and Bozhinov were grossly negligent because they were "heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and [they] were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others." (Docket Entry 31, at 5.) Defendants respond that (1) there is no evidence to support this claim against either the Cargo Defendants or Bozhinov, and (2) that a corporation cannot be held liable for punitive damages unless it, itself, commits gross negligence. (Docket Entry 43, at 9.)

In Texas, "gross negligence is not a separate cause of action apart from negligence." *RLI Ins. Co. v. Union Pac. Ry. Co.*, 463 F. Supp. 2d 646, 649–50 (S.D. Tex. 2006). "Rather, the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages." *Id.* "[A] plaintiff cannot recover exemplary damages," however, "until he or she proves an entitlement to actual damages." *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721–22 (Tex. App.—San Antonio 1994, writ denied) (citing cases); *accord Riley v. Champion Int'l Corp.*, 973 F. Supp. 634, 648 (E.D. Tex. 1997) ("Recovery of actual damages in tort is necessary to pursue a gross negligence claim."). The key difference between negligence and gross negligence is the element of intent—it is the mental state that justifies the penal nature of the imposition of exemplary damages. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex. 1981). This mental component may be shown indirectly through conduct. *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993).

Gross negligence comprises both an objective and subjective element. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). With respect to the objective element, a plaintiff must show by clear and convincing evidence that, "when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 41.011 (West 2011)). The Texas Supreme Court has held that "'extreme risk' is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *U-Haul*, 380 S.W.3d at 137 (internal citations omitted). Determining whether an act or omission involves extreme risk or peril requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994).

With respect to the subjective prong, a plaintiff must establish that the defendant had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.011. The subjective prong requires that a defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of his acts. *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex. 1999); *Wal-Mart Stores*, 868 S.W.2d at 326.

A corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). A corporation can only act through "agents of some character" or vice-principal. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W. 2d 387, 389 (Tex. 1997); *Ellender*, 968 S.W.2d at 921. "A corporation is liable for punitive damages if it authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent." *Ellender*, 968 S.W.2d at 921. In determining whether acts are directly attributable to the corporation, a court does not simply judge individual elements or facts. *Id.* at 922. Instead, the court should review all surrounding facts and circumstances to determine whether the corporation itself is grossly negligent. *Id.* Whether the corporation's acts constitute corporation gross negligence is determined by reasonable inferences the fact-finder can draw from what the corporation did or failed to do, and the facts existing at relevant times that contributed to a plaintiff's alleged damages. *Id.*

In this case, Defendants have not moved for summary judgment on Plaintiffs' claims for negligence/negligence per se against Bozhinov or respondeat superior against the Cargo Defendants. (*See* Docket Entry 43.) As such, the Court will assume that a factual dispute exists as to these claims in evaluating Plaintiffs' gross negligence claims. However, to the extent that Plaintiffs' claim for

gross negligence against Cargo Defendants is based on their claims against them for negligent hiring, supervising, or retaining Bozhinov, for negligent maintenance of Bozhinov's truck, or for negligent entrustment, summary judgment in favor of Defendants is appropriate because, as determined above, there is not a factual dispute as to those claims. Accordingly, all that remains to be considered are (1) the claim against the Cargo Defendants for negligent training: and (2) the claims again Bozhinov.

        1.    *Cargo Defendants.*

Plaintiffs allege that Cargo Defendants were grossly negligent because of their inadequate training of Bozhinov. (Docket Entry 46, at 6.) As evidence of the objective prong, they allege that the training materials they provided to Bozhinov in English constituted an extreme degree of risk because he did not understand any of it and that he, therefore, did not know about any new changes in the law. (*Id.*) They further contend that the Cargo Defendants also "bribed" Plaintiffs to "just forget about" the accident when Bozhinov's supervisor spoke to them on Bozhinov's phone at the scene of the accident. (*Id.*)

As discussed above, Plaintiffs have presented a factual dispute as to whether Bozhinov understood and read the training materials that were provided to him in English, thus creating an issue as to whether he was negligently trained. Assuming, in Plaintiffs' favor, that such materials contained important safety information, Plaintiffs have a raised a factual dispute as to whether Cargo Defendants actions constituted an extreme risk, thus meeting the objective prong of the test for gross negligence. Plaintiffs have not provided direct evidence that the Cargo Defendants subjectively knew Bozhinov did not understand the training materials provided to him. However, Plaintiffs have been able to show that Bozhinov's supervisor allegedly offered money to Plaintiffs over Bozhinov's phone at the scene of the accident. (*See* Docket Entry 46-3, at 53.) This evidence, viewed favorably

14

to Plaintiffs, raises an inference that the Cargo Defendants knew of the risk Bozhinov presented, but were indifferent to it. On this record, Plaintiffs have raised a factual dispute on their claim for gross negligence against Cargo Defendants for negligent training.

2.  *Bozhinov.*

Plaintiffs also contend that Bozhinov's actions were grossly negligent. As evidence of the objective prong, Plaintiffs contend that Bozhinov's actions constituted an extreme risk because a jury could find that he was not paying attention when he made a lane change because he was talking on his cell phone when driving, and he was traveling at a high rate of speed in a large vehicle. (Docket Entry 46, at 5.) Plaintiffs also argue that Bozhinov's actions consciously disregarded the rights, safety, and welfare of both Plaintiffs and the public. (*Id.*) And they assert that Bozhinov meets the subjective prong of gross negligence because he, himself, tried to "bribe" Plaintiffs at the scene of the accident in order to "forget about" it. (*Id.* at 6.)

Plaintiffs have created a factual issue concerning whether Bozhinov's conduct involved an extreme degree of risk. Hand-held mobile telephones are forbidden for use by commercial drivers. 49 C.F.R. § 392.82 (West 2012). Bozhinov testified in deposition that he had two "hands-free device[s] in the truck," but he did not testify how they were being utilized during the phone conversation in question. (Docket Entry 46-2, at 18.) The record thus leaves it unclear whether Bozhinov utilized a hand-held device or whether he used a hands-free mobile device. Moreover, Bozhinov acknowledged in his deposition that "a driver or the operator of [a] big [truck] needs to be cautious." (*Id.* at 40.) Additionally, it is undisputed that Bozhinov was traveling at rate of speed between seventy and seventy-three miles per hour at the time of the accident. (Docket Entry 46-2, at 57; Docket Entry 46-9.) Plaintiffs characterize this as "speeding" (*see* Docket Entry 46, at 3), and

Defendants do not appear to contest that characterization (*see* Docket Entry 47, at 7). This combination of circumstances, viewed in Plaintiffs' favor, raise a factual dispute as to the objective element of their gross negligence claim. As for the subjective element, a jury could find that Bozhinov's offer to pay for the accident at the scene constituted actual, subjective awareness of the risk involved in his actions, and indifference as to the consequences.

On this record, there is evidence creating a factual dispute as to whether Bozhinov's actions were grossly negligent. Accordingly, summary judgment should be denied on this claim.

## IV.    Plaintiffs' Motion to Conduct Additional Discovery.

Plaintiffs request additional time to conduct discovery in the event that "the court is inclined to rule in favor of Defendants' Motion." (Docket Entry 46, at 9.) Specifically, Plaintiffs ask for more time to depose Cargo Defendants' corporate representative, stating that scheduling his deposition has been a challenge because the deposition must take place in a different country. (*Id.*) Defendants respond that Plaintiffs had enough time, prior to the close of discovery, to take the deposition of its corporate representative. (Docket Entry 47, at 8.)

Generally, a district court must refuse summary judgment "where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Federal Rule of Civil Procedure 56(f) authorizes a district court to order a continuance to permit additional discovery if the non-movant shows that he or she "cannot for reasons stated present by affidavit facts necessary to justify the party's opposition." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citing *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)). In requesting additional time for discovery under Rule 56(f), the nonmoving party must show why additional

discovery is necessary. *Id.* (citing *Beattie v. Madison County School Dist.*, 254 F.3d 595, 605 (5th Cir. 2001)). The nonmoving party may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Id.* (citing *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 n.5 (5th Cir. 2002))

Plaintiffs claim they have not had sufficient opportunity to conduct a deposition of the Cargo Defendants' corporate representative; however, Defendants have produced evidence that they offered dates, within the discovery deadline, for Plaintiffs' requested deposition. (Docket Entry 47-1.) Moreover, Plaintiffs fail to allege, let alone demonstrate, that the requested deposition would help their case. *See* FED. R. CIV. P. 56(d) (Court may allow discovery in response to motion for summary judgment, but only for "specified reasons" shown by declaration or affidavit). On this record, Plaintiffs have not demonstrated that additional discovery is essential to its opposition of the summary judgment motion. As such, Plaintiffs' motion for time to conduct additional court-supervised discovery should be denied. The parties may continue discovery by agreement, but there need be no intervention by the Court except in extraordinary circumstances.

V.    **Conclusion and Recommendation.**

Based on the foregoing, I recommend that Defendants' Hybrid Motion for Partial Summary Judgment (Docket Entry 43) be **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion should be granted as to Plaintiffs' claims against Cargo Defendants for negligent hiring, supervising, and retaining Bozhinov, for negligent maintenance of Bozhinov's truck, and for negligent entrustment. Defendants' motion should be denied as to Plaintiffs' claims against Cargo Defendants for negligent training and gross negligence, and against Bozhinov for gross negligence.

I further recommend that Plaintiffs' Motion for Time to Conduct Additional Discovery (Docket Entry 46) be **DENIED**.

VI. **Instructions For Service And Notice of Right to Object/Appeal.**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on September 25, 2014.

                                                                  Henry J. Bemporad
                                                                  United States Magistrate Judge